**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.                             :                Case No. 2:23-cr-118
                                      Judge Sarah D. Morrison

**MONROE TERRILL BROWN,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Government's Motion for Review and Revocation of Release Order. (ECF No. 21.) Defendant Monroe Terrill Brown opposes. (ECF No. 23.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

**I.  BACKGROUND**

Mr. Brown, now 47, has a long history of involvement with the criminal justice system. (*See* Pretrial Services Report (PSR).) In 2008, Mr. Brown pleaded guilty to conspiracy to distribute a controlled substance. (*Id*., 6.) Judge Frost sentenced him to 120 months of incarceration and 5 years of supervised release. (*Id*.) He was released from prison on November 9, 2018. (*Id*.) Judge Sargus granted his motion for early termination from supervised release on January 7, 2022. *See United States v. Brown*, No. 2:08-cr-94-3 (S.D. Ohio, docket number 252).

On February 16, 2023, Mr. Brown was pulled over for too-dark window tint. (ECF No. 21-1.) When Mr. Brown rolled down his window, Officer Davis smelled

marijuana. (*Id.*) He ordered Mr. Brown and his two passengers (a man and a child) out of the car. (*Id.*) Mr. Brown was found to have a marijuana joint and a baggie of suspected cocaine on his person. (*Id.*) Eight live rounds of 9mm ammunition were found in Mr. Brown's jacket pocket. (*Id.*) CPD also recovered a 9mm handgun hidden inside a panel on the center console. (*Id.*) The substance inside the baggie was determined to be 2.221 grams of cocaine. (ECF No. 21-3.)

On May 23, 2023, Mr. Brown was indicted on federal charges of being a felon in possession of ammunition and a firearm arising out of the February 16 arrest. (ECF No. 4.) The resulting arrest warrant was not executed until October 27, 2023. (*See* Oct. 27, 2023 docket entry.)

The Magistrate Judge held a detention hearing on November 2, 2023. (*See* ECF No. 17.) She reviewed the Pretrial Services Report recommending that Mr. Brown be released on his own recognizance, subject to a set of conditions intended to ensure his appearance at future court proceedings and the safety of the community. (PSR, 7.) Several of those conditions address Mr. Brown's substance abuse. First, the PSR recommends that Mr. Brown be required to participate in inpatient substance abuse treatment. (*Id.*) It further recommends that Mr. Brown be required to participate in sober living upon successful completion of inpatient treatment. (*Id.*) Finally, it recommends that Mr. Brown's release be stayed until a bed became available at an in-patient substance abuse treatment facility. (*Id.*) At the hearing, the Government noted that Mr. Brown has a history of failing to

appear and admitted to being a daily drug user. Counsel for Mr. Brown noted his time as a "model releasee" and expressed a desire for his client to get treatment.

The Magistrate Judge concluded that a combination of conditions would reasonably assure both Mr. Brown's appearance and the safety of the community. (November 2 Order, ECF No. 18.) She ordered Mr. Brown released subject to the following:

- He must not violate any federal, state, or local law while on release.
- He must report immediately to the Pretrial Services Officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
- He must cooperate in the collection of a DNA sample if the collection is authorized by law.
- He must immediately advise the court and defense counsel in writing before making any change or residence or telephone number.
- He must appear in court as required and must surrender as directed to serve any sentence imposed, and must promise as much.
- He must continue or start an education program.
- He must reside at an address approved by the Pretrial Services Office.
- He must not use or unlawfully possess a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.
- He must submit to testing for a prohibited substance if required by the Pretrial Services Office or the supervising officer.
- He must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the Pretrial Services Officer or supervising officer.
- He must participate in sober living upon successful completion of inpatient treatment.

(*Id.*) The Magistrate Judge stayed Mr. Brown's release pending availability of a bed at an inpatient substance abuse treatment facility. (*Id.*)

The Government now asks this Court to review and revoke the November 2 Order. (ECF No. 21.)

3

## II. LEGAL STANDARD

"If a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. § 3145(a)(1). Upon such motion, the district court reviews a magistrate judge's order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must prove by clear and convincing evidence that detention is warranted. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 752 (1985).

## III. ANALYSIS

The Government asks this Court to revoke the release order on three grounds. The Court held a hearing on the Motion, but was unable to proceed due to Mr. Brown's unavailability. (*See* ECF No. 27.) Afterwards, the Government filed its only new evidence on the docket. (ECF No. 28.) After reviewing that information, the Court concludes that no hearing is necessary. The hearing set for November 28, 2023 (*see* ECF No. 29) is **VACATED**.

The Court has evaluated *de novo* the Magistrate Judge's November 2 Order, the Pretrial Services Report, a recording of the November 2 detention hearing, and all materials and briefing available on the docket. The Court makes the following findings.

*Statutory Presumption.* The Government argues that the Magistrate Judge erred by failing to apply a statutory presumption in favor of detention. (ECF No. 21, PAGEID # 38–39.) In the Government's view, Mr. Brown could have been charged with a drug offense carrying the presumption. (*Id.*) The argument fails. The Government did not argue for a presumption during the detention hearing. Nor did it object during that hearing when the Magistrate Judge found that there was no presumption. The Government has thus waived the argument. *Cf. Ward v. United States* ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."). No presumption will apply.

*Nature and Circumstances of the Offense.* The nature and circumstances of the charged offenses weigh in favor of release. Mr. Brown was found with a firearm and matching ammunition in his car, along with narcotic drugs. The ammunition was stored separately from the firearm, however, which contained no live rounds. There is no indication that Mr. Brown resisted arrest, attempted to flee, or was uncooperative with officers on-scene.

*Weight of the Evidence.* The weight of the evidence supports Mr. Brown's release. In this circuit, "[t]his factor goes to the weight of the evidence of dangerousness [and flight-risk], not the weight of the evidence of the defendant's

5

guilt." *Stone*, 608 F.3d at 948. Mr. Brown served a 10-year prison sentence. He successfully completed four additional years of supervised release and was granted early termination. In the state case originally charged after his February 16 arrest, Mr. Brown appeared as required after being released on bond. *See State v. Brown*, No. 2023 CR A 002536 (Franklin Cty. Mun. Ct., filed Feb. 16, 2023). Although the Government contends that Mr. Brown "fled from the Marshals on two prior separate occasions earlier in the year," (ECF No. 21, PAGEID # 40) the evidence tells a different story. Instead of recounting flight or evasion, the Marshals' written reports reflect that officers simply "lost sight of" Mr. Brown while he was driving a car and "were unable to maintain a visual on" Mr. Brown while he was walking down the street. (ECF Nos. 28-1, 28-2.)

*History and Characteristics.* Mr. Brown's history and characteristics weigh in favor of release under the conditions in the November 2 Order. As mentioned above, Mr. Brown successfully completed four years of supervised release. He acknowledges a relapse into drug abuse and expressed a desire for treatment.

The Government proposes that Mr. Brown was untruthful with the Court about his drug use. It highlights what it sees as an apparent inconsistency between Mr. Brown's statements to Pretrial Services and his statements to Judge Sargus in 2021. In a letter requesting early termination of supervised release, Mr. Brown represented that he "never dropped a dirty urine." But Mr. Brown admitted to Pretrial Services before the detention hearing that he is a daily drug user. The Government interprets the Pretrial Services Report as indicating that he has been a

6

daily drug user since he was eight years old—even though he went through a lengthy incarceration and subsequent time under supervision—making his representation to Judge Sargus false. Mr. Brown denies that he was untruthful with the Court. During his detention hearing, he acknowledged his struggle with drug abuse and expressed a desire for treatment.

*Nature and Seriousness of any Danger to the Community*. Finally, the nature and seriousness of any danger Mr. Brown now poses to the community also weighs in favor of release. Five months elapsed between Mr. Brown's indictment and his arrest. The Government does not argue that he engaged in any anti-social conduct or caused any harm during that time.

In sum, the Government fails to present clear and convincing evidence that detention is warranted. As such, revocation of the November 2 Order is not appropriate.

### IV. CONCLUSION

For the foregoing reasons, the Government's Motion (ECF No. 23) is **DENIED**. The November 2, 2023 Order Setting Conditions of Release (ECF No. 18) stands. The November 28 hearing is **VACATED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**